# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN SANDSTROM, :

    Petitioner : CIVIL ACTION NO. 3:19-0433

v. : (JUDGE MANNION)

WARDEN EBBERT, :

    Respondent :

## MEMORANDUM

Pending before the court is the report of Chief Magistrate Judge Schwab, recommending that the petition for writ of habeas corpus filed pursuant to [28 U.S.C. §2241](#), by petitioner Steven Sandstrom, an inmate confined at USP-Lewisburg, be dismissed as an abuse of the writ and due to a lack of jurisdiction to grant him the relief requested. (Doc. 12). Specifically, Judge Schwab finds that the instant petition should be dismissed as an abuse of the writ since petitioner's only claim was previously dismissed in his October 2017 §2241 habeas petition he filed in the Southern District of Mississippi, and that petitioner's challenge to the validity of his conviction for tampering with a witness, in violation of 18 U.S.C. §1512, based on his claim of actual innocence in light of Fowler v. United States, 563 U.S. 668 (2011), should have been raised in his motion to vacate his sentence which he

previously filed under to 28 U.S.C. §2255.¹

Petitioner filed objections to Judge Schwab's report with attached exhibits. (Doc. 12). Respondent filed a response to petitioner's objections on August 23, 2019. (Doc. 14).

The court will **ADOPT** the report and recommendation, and will **DISMISS** the habeas corpus petition.

When objections are timely filed to the report and recommendation of a Magistrate Judge, the district court must review *de novo* those portions of the report to which objections are made. *See* 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *See* Rieder v. Apfel, 115 F.Supp.2d 496, 499 (2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also*

---

¹Since the background of this case is detailed in respondent's response to the habeas petition, (Doc. 8), and in Judge Schwab's report, (Doc. 12), it will not be fully repeated herein.

[Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010)](#) (citing [Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)](#) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. *See* [28 U.S.C. §636(b)(1)](#); Local Rule 72.31.

Petitioner objects to Judge Schwab report on the grounds that he did not previously have a chance to raise his claim of actual innocence. He also objects to Judge Schwab's finding that "[t]he actual innocence exception does not apply because [petitioner] was found guilty of seven charges, but he only argues actual innocence as to one of the charges." He contends that under Fowler, he should be given the opportunity to prove his innocence of all seven charges of which he was convicted. Petitioner states that he did not previously raise challenges to his other six convicted charges "because [he] did not know how to do so", and that if he was aware of how to challenge these other convictions, as he is now, he would have raised them in his prior §2255 motion.

In her report, Judge Schwab explains that "[n]o court has invalidated [petitioner's other convictions] and [petitioner] does not raise a claim in this

case seeking to invalidate them." She also states that "[petitioner] had an opportunity to present an argument based on Fowler in a timely §2255 motion but declined to do so", and that this bars him from brining his claim under Fowler in a §2241 petition since §2255 is not inadequate or ineffective.

After reviewing Judge Schwab's findings, the court will dismiss the instant petition as an abuse of the writ. *See* Alden v. Warden, U.S. Penitentiary Allenwood, 444 Fed.Appx. 514, 516 (3d Cir. 2011) ("[A]buse-of-the-writ doctrine applies to section 2241 petitions; thus, a petitioner may not raise new claims that could have been resolved in a previous action." (quoting Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008))). Further, since petitioner's previous §2241 habeas petition was dismissed in the Southern District of Mississippi and raised the same claim he raises in his instant petition,[2] he must show that "the ends of justice" would be served by the court considering his petition. *See id.* ("[I]n a case in which a successive

---

[2] *See* Sandstrom v. Martin, 2017 WL 6816553 (S.D.Miss. Nov. 13, 2017). The Mississippi District Court specifically addressed petitioner's claim he again raises in his instant §2241 habeas petition, i.e., he alleged that his conviction of tampering with a witness was no longer valid in light of Fowler. *See id.* at *2. The Mississippi District Court dismissed Sandstrom's prior §2241 petition finding that he could not meet the stringent requirements to proceed with his claim under the savings clause "[s]ince the Fowler decision was available to Sandstrom before October 4, 2011, [and] his claim was not 'foreclosed by circuit law' at the time when it should have been raised in his first §2255 motion." *Id*. Sandstrom failed to challenge his witness intimidation conviction in his §2255 motion he filed with the sentencing court, i.e., the District Court for the Western District of Missouri.

4

petition includes a claim for relief already fully considered and rejected ... the petitioner [must] show that 'the ends of justice' would be served by the court entertaining his petition.") (citation omitted). Here, petitioner fails to make such a showing.

Additionally, this court lacks jurisdiction over petitioner's §2241 habeas petition since there are no exceptional circumstances present which render §2255 as inadequate or ineffective, and the actual innocence exception is not available to petitioner. *See* Spataro v. Warden Fort Dix FCI, 684 Fed.Appx. 117 (3d Cir. 2017) ("§2255 is inadequate or ineffective to test the legality of detention in a case where the gatekeeping provisions bar a successive petitioner who can successfully allege actual innocence of the crime of which he was convicted and who, at the time of his earlier §2255 motion could not demonstrate that innocence."); Santos v. Rectenwald, 2014 WL 1787769 (M.D.Pa. May 5, 2014) (The court held that "the actual innocence exception to procedurally defaulted claims does not apply 'where a petitioner is actually innocent of only one charge or one part of his sentence other than the death penalty.'"). As respondent states, (Doc. 14 at 5-6), "the actual innocence exception to the procedural-default rule does not apply because Sandstrom is only challenging the witness intimidation conviction, which is one of the seven charges he was convicted of." As such, "Sandstrom cannot

demonstrate the 'exceptional circumstances' that would permit habeas relief pursuant to §2241", since "[e]ven if Sandstrom were innocent of witness intimidation, the fact is that he was sentenced to life in prison on other counts." (Id.).

Thus, since petitioner is improperly challenging his conviction and sentence under §2241, his §2241 petition must be dismissed for lack of jurisdiction. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 104 (3d Cir. 2017) (affirming the district court's order denying Gardner's §2241 habeas petition for lack of jurisdiction).

Finding no clear error of law, the court **ADOPTS** Judge Schwab's report, and **OVERRULES** petitioner's objections. Petitioner's habeas petition will be **DISMISSED**. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 29, 2019**
19-0433-01.wpd